UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CITY OF HARRIMAN, TENNESSEE, and ARLENE CARR (Intervening Plaintiff), <br><br> Plaintiffs, <br><br> v. <br><br> TOMMY HESTER d/b/a THE CLANCEY GROUP, and MARTIN L. GILLIAM, <br><br> Defendants. | No. 3:22-CV-77-KAC-DCP |

---

TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM,

    Counter-Plaintiffs,

v.

CITY OF HARRIMAN, TENNESSEE,

    Counter-Defendants.

---

TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM,

    Third-Party Plaintiffs,

v.

SKYLINE INVESTMENTS 5 LLC, *et al*.

    Third-Party Defendants.

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion for Leave to Amend and Join Correct Party [Doc. 66], filed by Counter/Third Party Plaintiffs, Tommy Hester d/b/a The Clancey Group and Martin Gilliam (collectively, "Plaintiffs"). Plaintiffs seek leave to amend their Verified Counter-Complaint and Third-Party Complaint to cure the misjoinder of Skyline Investments 5, LLC and add Skyline Retail Investments 5, LLC ("Skyline Retail"). No party has responded in opposition to the motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2. For the reasons, explained below, the Court **RECOMMENDS** that the District Judge **GRANT** the motion [**Doc. 66**].

I.   ANALYSIS

In support of their motion, Plaintiffs state that prior to this case being removed from Chancery Court of Roane County, they filed an Answer and Verified Counter-Complaint and Third-Party Complaint ("Complaint") naming Skyline Investments 5, LLC as a Defendant [*See* Doc. 1-2 pp. 48–68]. Plaintiffs issued a summons on Robert Weaver as the registered agent for Skyline Investments 5, LLC, and service was effected on Adrienne Weaver on January 19, 2022.[1] After reviewing ownership documents on the subject property, Plaintiffs' counsel later learned that they had sued the wrong entity. They discovered that Skyline Investments 5, LLC does not exist, and Robert Weaver was the registered agent for Skyline Investments, LLC. The correct entity and owner of the subject property, however, is Skyline Retail. Plaintiffs request that the Court dismiss Skyline Investments 5, LLC and join Skyline Retail to this action.

Plaintiffs move pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure. Rule 15(a)(2) requires the court's leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). But the rule states that "[t]he court should freely give leave when justice so requires." *Id*. The decision

---

[1]   Plaintiffs' counsel was advised on February 14, 2023, that Robert Weaver had passed away in May 2022 and that Adrienne Weaver is his daughter [Doc. 67 p. 3 n. 2].

as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 21 states, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also United States v. Roberts*, No. 5:19-CV-234-JMH, 2019 WL 6499128, at *1 (E.D. Ky. Dec. 3, 2019) ("Rule 21 may be used for the dismissal of a single defendant.").

The Court has considered Plaintiffs' motion and recommends that Plaintiffs be permitted to amend their Verified Counter-Complaint and Third-Party Complaint. Although there is some delay given that Plaintiffs filed their state court complaint on January 11, 2022 [Doc. 1-2 p. 48], the Court recently entered the Scheduling Order in this case setting the deadline to amend pleadings on August 22, 2023 [Doc. 68 p. 3]. Further, it does not appear that Plaintiffs are acting in bad faith or with dilatory motives, and Plaintiffs have not had repeated failures to cure any deficiencies. With respect to whether the amendment is futile, the Court finds Skyline Retail can address futility grounds at a later date. *Swift Enterprises, LLC v. TruNorth Warranty Plans of N. Am., LLC*, No. 1:21-CV-146, 2022 WL 989397, at *4 (E.D. Tenn. Jan. 25, 2022) (declining to engage in the futility analysis on a motion to amend and stating that the court can address such arguments on a Rule 12 motion). Further, in light of Plaintiffs' representation that they sued the wrong entity, the Court recommends dismissing Skyline Investments 5, LLC as a party in this case. *See* Fed. R. Civ. P. 21.

3

## II. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[2] that the District Judge **GRANT** Plaintiffs' Motion for Leave to Amend and Join Correct Party [**Doc. 66**] and that Skyline Investments 5, LLC be **DISMISSED** from this matter. Should the District Judge adopt this Report and Recommendation, the undersigned further recommends that Plaintiffs file their operative pleading in CM/ECF within one week.[3]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[3] Pursuant to Local Rule 15.1, "A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion." E.D. Tenn. L.R. 15.1. "A failure to comply with this rule may be grounds for denial of the motion." *Id*. In light of Plaintiffs' representation that they are simply correcting the proper party's name, the Court will not recommend denying the motion based on the failure to comply with Local Rule 15.1. Future noncompliance with the Local Rule, however, may warrant the Court to summarily deny similar motions.