UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CITY OF HARRIMAN, TENNESSEE, and ARLENE CARR (Intervening Plaintiff), )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM, )<br>)<br>Defendants. ) | No. 3:22-CV-77-KAC-DCP |

_____

TOMMY HESTER d/b/a THE CLANCEY ) 
GROUP and MARTIN L. GILLIAM, )
)
    Counter-Plaintiffs, )
)
v. )
)
CITY OF HARRIMAN, TENNESSEE, )
)
    Counter-Defendants. )

_____

TOMMY HESTER d/b/a THE CLANCEY )
GROUP and MARTIN L. GILLIAM, )
)
    Third-Party Plaintiffs, )
)
v. )
)
SKYLINE INVESTMENTS 5 LLC, *et al.* )
)
    Third-Party Defendants. )

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

This civil case is before the Court on United States Magistrate Judge Debra C. Poplin's "Report and Recommendation" ("Report") entered on April 25, 2023 [Doc. 72]. On February 15, 2023, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Tommy Hester d/b/a The Clancey

Group and Martin L. Gilliam (collectively, "Third-Party Plaintiffs") filed a "Motion for Leave to Amend and to Join Correct Party" [Doc. 66], seeking leave to amend their "Verified Counter-Complaint and Third-Party Complaint" filed on January 11, 2022 in Roane County, Tennessee Chancery Court [*See* Doc. 1-2 at 49-68].[1] But Third-Party Plaintiffs did not attach a copy of their proposed amended pleading to their Motion, as required by this Court's Local Rules. *See* E.D. Tenn. L.R. 15.1 ("[a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion").

Under Federal Rules of Civil Procedure 15 and 21, Third-Party Plaintiffs seek to "dismiss[]" Third-Party Defendant Skyline Investments 5, LLC and "join[]" Skyline Retail Investments 5, LLC "as the correct third-party defendant" through an amended pleading [*See* Doc. 66 at 2]. Third-Party Plaintiffs served the registered agent for Skyline Investments 5, LLC on or about January 19, 2022 [*See* Doc. 67 at 2-3]. But Third-Party Plaintiffs only "recently learned" "after re-reviewing ownership information" that (1) an entity named Skyline Investments 5, LLC "does not exist" and (2) Skyline Retail Investments 5, LLC owns the property at issue in this case [*See id.*]. And Third-Party Plaintiffs assert that Skyline Retail Investments 5, LLC "is a necessary party" because its actions or inactions may render it liable to Third-Party Plaintiffs [*Id.* at 3]. No Party responded to Third-Party Plaintiffs' Motion. *See* E.D. Tenn. L.R. 7.2 (noting that the Court may deem "[f]ailure to respond to a motion" as "a waiver of any opposition to the relief sought"). Judge Poplin recommended that the Court grant Third-Party Plaintiffs' Motion even though Third-Party Plaintiffs violated this Court's Local Rules [*See* Doc. 72 at 3-4, 4 n.3]. No Party has objected to the Report, and the time to do so has passed [*See id.* at 4 n.2 (providing

---

[1] On March 2, 2022, Third-Party Defendant United States Postal Service removed this action under 28 U.S.C. § 1442(a)(1) [*See* Doc. 1].

fourteen (14) days to file any objections to the Report)]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

As Judge Poplin analyzed in the Report [*see generally* Doc. 72], Third-Party Plaintiffs' request to amend their pleading is well-taken and "on just terms." *See* Fed. R. Civ. P. 21. "[J]ustice so requires" an amendment because Third-Party Plaintiffs recently discovered the identity of the entity against whom they originally sought to bring a claim. *See* Fed. R. Civ. P. 15(a)(2). Although the Motion is somewhat delayed, Third-Party Plaintiffs' request to amend does not appear to arise from any "undue delay, bad faith or dilatory motive." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Nor on this record would an amendment cause "undue prejudice" [*See* Docs. 67 at 1; 67-1 at 1]. *See Foman*, 371 U.S. at 182.

Accordingly, having reviewed the record, the Court **ACCEPTS** and **ADOPTS** Judge Poplin's Report [Doc. 72] under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), **GRANTS** Third-Party Plaintiff's "Motion for Leave to Amend and to Join Correct Party" [Doc. 66], and **DISMISSES** Third-Party Defendant Skyline Investments 5, LLC from this action. *See* Fed. R. Civ. P. 15(a)(2), 21. The Court **ORDERS** Third-Party Plaintiffs to file an amended "Verified Counter-Complaint and Third-Party Complaint" within **seven (7) days** of the entry of this Order. **Consistent with Third-Party Plaintiffs' representations in their Motion, the only amendment permitted to the "Verified Counter-Complaint and Third Party Complaint" is the substitution of Skyline Retail Investments 5, LLC for Skyline Investments 5, LLC.** The Court will strike any amended pleading by Third-Party Plaintiffs that fails to comply with this Order. *See* Fed. R. Civ. P. 12(f).

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge