UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CITY OF HARRIMAN, TENNESSEE, and ARLENE CARR (Intervening Plaintiff), | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:22-CV-77-KAC-DCP ) |
| TOMMY HESTER d/b/a THE CLANCEY GROUP, and MARTIN L. GILLIAM, | ) ) ) |
| Defendants. | ) |
| TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM, | ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF HARRIMAN, TENNESSEE, | ) ) |
| Counter-Defendants. | ) |
| TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM, | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| SKYLINE INVESTMENTS 5 LLC, *et al*. | ) ) |
| Third-Party Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant/Counter-Plaintiff/Third-Party Plaintiff's Motion to Extend Deadline for Service [Doc. 248]. Specifically, Tommy Hester ("Plaintiff Hester")[1] seeks "another thirty (30) to forty-five (45) days to issue service on all Counter-Defendants/Third-Party Defendants" [*Id*. at 3]. For the reasons explained below, the Court **GRANTS** the motion [**Doc. 248**].

I.  ANALYSIS

Plaintiff Hester states that "[o]n July 1, 2024, [he] filed [his] Third Amended Counter-Complaint and Third-Party Complaint ("Third Amended Complaint") following Counter-Defendant[] HFC LLC's assertion of comparative fault" [Doc. 248 p. 1]. He began serving these other parties but "[a]s of September 27, 2024, only nineteen (19) of the recently named parties have been served, thirteen (13) others have waived service, and there are currently thirty-six (36) unserved parties" [*Id*. at 1–2].

According to Plaintiff Hester, his "process server, Rusty Harlow ("Mr. Harlow"), attempted to serve the Third Amended Complaint on Melissa K. Grivetti" [*Id*. at 2]. He recorded this attempt "at her home by audio-visual means[,]" which Plaintiff Hester has filed with the Court [*Id*.; Doc. 248-1]. Melissa K. Grivetti ("Ms. Grivetti") was not home, but her boyfriend had a conversation with Mr. Harlow [Doc. 248 p. 2]. Ms. Grivetti's boyfriend and Mr. Harlow discuss the lawsuit, and the boyfriend "asks Mr. Harlow if he has served anyone else in the area" [*Id*.]. "Mr. Harlow responds in the negative and asks if the neighbor is at home" [*Id*.]. Ms. Grivetti's boyfriend then "informs Mr. Harlow that there 'was a meeting . . . everyone was gonna try to like

---

[1]  Although Tommy Hester is also a Defendant and Counter-Plaintiff, for purposes of this order and ease of reference, the Court will refer to him as "Plaintiff Hester."

avoid getting served'" [*Id.* (alteration in original and citation omitted); *see also* Doc. 248-2].[2]

Defendant Hester's request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

The Court finds that Plaintiff Hester has established good cause for the requested extension. Although it is not clear who may have attended the meeting about avoiding service, Plaintiff Hester has made attempts to serve the other parties and "thirty-six (36) summonses have been returned as unserved" [Doc. 248 p. 3]. He is taking reasonable and diligent efforts to serve the other parties, and it appears that at least some of the parties may be evading service. *See Raytheon Co. v. Ahtna Support & Training Servs., LLC*, No. 3:21-CV-239, 2021 WL 3038888, at *2 (W.D. Ky. July 19,

---

[2] The Court has listened to the audio recording. Plaintiff Hester's representation about the conversation is accurate.

2021) (allowing an additional forty-five days to serve because plaintiff made diligent efforts to serve defendant and defendant appeared to be evading service); *Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that plaintiff established good cause for an additional ninety days to serve defendant because plaintiff had been diligent in attempting to locate and serve defendant); *see also* Fed. R. Civ. P. 4(m) advisory committee's notes to 1993 amendment (explaining that relief under the new subdivision "may be justified . . . if the defendant is evading service or conceals a defect in attempted service"). Accordingly, given that Plaintiff Hester has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant/Counter-Plaintiff/Third-Party Plaintiff's Motion to Extend Deadline for Service [**Doc. 248**]. Plaintiff Hester **SHALL** have another **thirty days** to effect service of process.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge