UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CITY OF HARRIMAN, TENNESSEE, and ARLENE CARR (Intervening Plaintiff), | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:22-CV-77-KAC-DCP |
| TOMMY HESTER d/b/a THE CLANCEY GROUP, and MARTIN L. GILLIAM, | ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM, | ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF HARRIMAN, TENNESSEE, | ) ) |
| Counter-Defendants. | ) |

| | |
|---|---|
| TOMMY HESTER d/b/a THE CLANCEY GROUP and MARTIN L. GILLIAM, | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| SKYLINE INVESTMENTS 5 LLC, *et al*. | ) ) |
| Third-Party Defendants. | ) |

### **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Set Aside and for Relief from Entry of Default [Doc. 326], filed by Defendant Card Holdings, LLC ("Card Holdings"). No party has responded in opposition, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2. For the reasons explained below, the undersigned **RECOMMENDS** that the District Judge **GRANT** the motion [**Doc. 326**].

I.  BACKGROUND

On February 5, 2020, Plaintiff City of Harriman, Tennessee ("Plaintiff Harriman") sued Defendants Tommy Hester d/b/a The Clancey Group, and Martin Gilliam, in Roane County Chancery Court claiming that its building inspector "found [Defendants'] properties . . . contain[ed] two unnatural sink holes which have flooded neighboring businesses, exposed underground public utility pipelines, encroached upon public thoroughfare and rights of way, posed a significant risk and endangerment to the health, safety, and welfare of other citizens and was unfit for human occupancy or use" [Doc. 1-2 p. 2]. Plaintiff Harriman's building inspector provided ten days for Defendants to comply with the municipal code or risk demolition of the structures on their properties [*Id.*]. According to the Complaint, Defendants refused to comply [*Id.*].

On January 11, 2022, Third-Party Plaintiffs Hester and Gilliam (collectively, "Third-Party Plaintiffs") filed a Third-Party Complaint naming various individuals and entities, including Defendant Card Holdings, as third-party defendants [Doc. 1-2 p. 37].[1] On March 2, 2022, the United States Postal Service removed the action to this Court, stating that it had been named as a Third-Party Defendant [Doc. 1 p. 1]. Later, on May 18, 2023, Third-Party Plaintiffs filed a First Amended Complaint [Doc. 75].

---

[1] Martin Gilliam is now proceeding pro se [*See* Doc. 78].

On August 17, 2023, United States District Judge Katherine Crytzer entered an Order noting that "[i]t appears that Third-Party Plaintiffs had not served Third-Party Defendants Ervin Farmer; Jimmie R. Bogard, Jr.; Card Holdings, LLC; Clyde Goss; and Mary Goss at the time of removal" [Doc. 120 p. 2 (citation omitted)]. She described the history as follows:

> More than a year has passed. Since that time, Third-Party Plaintiffs filed a "First Amended Verified Counter-Complaint and Third-Party Complaint" with leave of Court. Third-Party Plaintiff Hester has retained new counsel. And Third-Party Plaintiff Gilliam appears to be proceeding pro se. But neither Third-Party Plaintiff has filed proof of service for Third-Party Defendants Farmer; Bogard; Card Holdings, LLC; Clyde Goss; and Mary Goss, which is required by Federal Rule of Civil Procedure 4(l)(1), unless service is waived under Rule 4(d). Third-Party Defendants Farmer; Bogard; Card Holdings, LLC; Clyde Goss; and Mary Goss have not appeared in this case, nor is there any indication that Third-Party Plaintiffs have requested, let alone received, a waiver of service from those Third-Party Defendants under Rule 4(d).

[*Id*. (citations omitted)].[2] She ordered the Third-Party Plaintiffs to show cause why the Court should not dismiss these Third-Party Defendants [*Id*. at 3].

On August 31, 2023, Third-Party Plaintiff Hester filed a response to the show cause order [Doc. 121]. With respect to Defendant Card Holdings, he stated that on January 19, 2022, he personally served it via its registered agent, Chandrakant Choksi [*Id*. at 2–3; *see also* Doc. 121-4 p. 1].

On April 12, 2024, Third-Party Hester filed a Second Amended Counter-Complaint and a Third-Party Complaint [Doc. 166], and a few days later, on April 23, 2024, he filed a Third Amended Counter-Complaint and Third-Party Complaint [Doc. 167].[3] Subsequently, on July 30,

---

[2] On January 15, 2025, the undersigned recommended that Defendants Clyde and Mary Goss be dismissed from this case because it appeared that they had passed away before the Third-Party Plaintiffs filed suit [Doc. 462].

[3] Throughout the Third Amended Counter-Complaint and Third-Party Complaint, Third-Party Plaintiff Hester refers to his pleading as the "Second Amended Counter-Complaint" [*See,*

3

2024, Third-Party Plaintiff Hester filed an Application of Clerk's Default requesting that the Clerk enter default against Defendant Card Holdings [Doc. 218]. Third-Party Plaintiff Hester did not file an affidavit in support of his request, so the Clerk entered an administrative notice directing him to do so [Doc. 219]. On July 31, 2024, Third-Party Plaintiff Hester filed a declaration stating that Defendant Card Holdings failed to plead or otherwise defend [Doc. 221].

On October 14, 2024, Third-Party Plaintiff Hester filed a Fourth Amended Counter-Complaint and Third-Party Complaint [Doc. 277].[4] [5] On October 29, 2024, the Clerk entered a default against Defendant Card Holdings [Doc. 310]. The default states that the Complaint was filed on February 5, 2020, and Defendant Card Holdings had not answered or filed other pleadings [*Id.*].

On November 21, 2024, Defendant Card Holdings filed the Motion to Set Aside and for Relief from Entry of Default ("Motion to Set Aside") [Doc. 326].

## II. ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs a motion to set aside an entry of default. Rule 55(c) provides, "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In determining

---

*e.g.*, 167 ¶¶ 1–4]. In the prayer of relief, he refers to the pleading as the "Third Amended Counter-Complaint and Third-Party Complaint" [*Id.* at 29].

[4] Throughout the Fourth Amended Counter-Complaint and Third-Party Complaint, Third-Party Plaintiff Hester refers to his pleading as the "Second Amended Counter-Complaint" [*See, e.g.*, 277 ¶¶ 1–4]. In the prayer of relief, he refers to the pleading as the "Third Amended Counter-Complaint and Third-Party Complaint" [*Id.* at 30].

[5] On November 27, 2024, Judge Crytzer entered an Order directing Third-Party Plaintiff Hester to show cause why the Third and Fourth Amended Counter-Complaints and Third-Party Complaints should not be struck because they appeared "procedurally improper" [Doc. 330 p. 3 (citation omitted)]. He responded, and on January 24, 2025, Judge Crytzer received the Fourth Amended Counter-Complaint and Third-Party Complaint [Doc. 468].

4

whether good cause exists, the Court must consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Defendant Card Holdings submits that the Clerk's entry of default states that it "is based on the Complaint filed on February 5, 2020[,]" but it was not named as a party until the Third-Party Complaint that was filed on January 11, 2022" [Doc. 326 p. 2 (citations omitted)]. Regardless, Defendant Card Holdings states that it has established good cause to set aside the Clerk's entry of default [*Id.*].

Plaintiff did not respond to Defendant Card Holdings' motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The undersigned therefore could recommend granting the motion on this basis alone. *See id*. Nevertheless, the undersigned has reviewed the merits and finds that Defendant Card Holdings has established good cause to set aside the entry of default against it.

Turning to the first factor, whether the default was willful, the United States Court of Appeals for the Sixth Circuit has explained that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). "[M]ere carelessness is not enough." *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005).

In support of this factor, Defendant Card Holdings relies on the Declaration Pursuant to 28 U[.]S[.] Code § 1746 of Chandrakant Choksi [Doc. 328]. Chandrakant Choksi ("Mr. Choksi") states, "On May 28, 2021, Krishna Murti, Inc., a Tennessee Corporation, transferred real property at 1034 S. Roane Street, Harriman, Tennessee (hereinafter[,] 'Card Holdings Property'), via Special Warranty Deed" [*Id*. ¶ 3]. According to Mr. Choksi, "[Defendant] Card Holdings operates a business on the Card Holdings Property" [*Id*. ¶ 4]. When Defendant Card Holdings purchased Card Holdings Property, he "was not aware of a sinkhole condition on [the Third-Party Plaintiffs' property]" [*Id*. ¶ 5]. He was also unaware of any legal issues [*Id*. ¶ 6]. Mr. Choksi states that on January 11, 2022, Third-Party Plaintiffs filed a lawsuit naming Defendant Card Holdings because it owned Card Holdings Property, but "[t]he Third-Party Complaint makes no allegations as to [Defendant] Card Holdings for damages that resulted after May 28, 2021" [*Id*. ¶¶ 9–10]. Instead, he submits, the allegations are based on the "property ownership that allegedly contributed to the damages at the time of the 2020 Complaint" [*Id*. ¶ 10]. He explains:

> Given the reading of the lawsuit, I surmised incorrectly that any damages that resulted prior to the Third-Party Complaint were at issue would be solely attributable to the then owner Krishna Murti, Inc. I did not have [Defendant] Card Holdings file an answer or respond due to my inadvertence and mistake thinking that this was not properly directed to [Defendant] Card Holdings as it did not own the Card Holdings Property at the time of the incidents at issue in the 2020 Complaint.

[*Id*. ¶ 11].

After he received the entry of default, he "immediately contacted counsel to seek to file for [Defendant] Card Holdings to have this default . . . set aside" [*Id*. ¶ 14].

The Court finds that this factor weighs against Defendant Card Holding's request. Mr. Choksi does not dispute that he was served with the Third-Party Complaint, and despite Defendant Card Holdings being named as a party, he decided to not respond because the "allegations were

made as a result of property ownership that allegedly contributed to the damages at the time of the [original Complaint filed in 2020]" [*Id*. ¶ 10]. Such conduct is more than carelessness. *See Frankenmuth Mut. Ins. Co. v. Anatole Constr. Co., Inc.*, No. 1:22-CV-004, 2023 WL 2981456, at *4 (E.D. Tenn. Mar. 31, 2023) ("[The d]efendant's excuse for not responding to the declaratory judgment complaint because an insurance adjuster for another insurer advised it that it did not need to respond to the complaint is weak at best."), *report and recommendation adopted*, No. 122CV00004, 2023 WL 2979543 (E.D. Tenn. Apr. 17, 2023). Defendant Card Holdings' failure to respond to the lawsuit in this instance is reckless, although it "does not appear to rise to the level of an intent to thwart judicial proceedings." *See id*. (finding that the defendant's "continuing failure to respond in reliance on an adjuster's opinion was reckless" but that it did "not appear to rise to the level of an intent to thwart judicial proceedings"). The undersigned has also considered that once Mr. Choksi received the Clerk's entry of default, he "immediately contacted counsel to seek to file for [Defendant] Card Holdings to have this default . . . set aside" [Doc. 328 ¶ 14]. This action weighs in favor of his request. *Cf. Frankenmuth Mut. Ins. Co.*, 2023 WL 2981456, at *4 (noting that defendant "failed to respond to [the plaintiff's] request for entry of default and failed to take action with urgency once default was entered"). Because his excuse for not responding was reckless, but he immediately attempted to cure the issue upon receiving the default, the Court finds that this factor only slightly weighs against Defendant Card Holdings' request.

The second factor addresses whether Plaintiff will be prejudiced by setting aside the default. "The prejudice inquiry focuses on 'the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from defendant's conduct.'" *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2019 WL 5086128, at *2 (N.D. Ohio Oct. 10, 2019) (quoting *Dassault Systemes, SA*, 663 F.3d at 842). For instance, a delay in the proceedings will not be

7

Case 3:22-cv-00077-KAC-DCP   Document 479   Filed 02/12/25   Page 7 of 10
PageID #: 8501

considered prejudicial unless it results "in the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion." *Id.* (quoting *Dassault Systemes, SA*, 663 F.3d at 842). While the Court observes that Defendant Card Holdings was served about two years ago, "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Defendant Card Holdings states that "litigation is far from over as Third[-]Party Defendants are still being served with process and parties are being identified in the case" [Doc. 327 p. 10]. Further, Defendant Card Holdings is prepared to respond to the Fourth Amended Third-Party Complaint, which was recently filed on October 14, 2024 [*See id*. (citation omitted)]. Considering Defendant Card Holdings' unrebutted argument, the Court finds that this factor weighs in favor of its request.

With respect to the third factor, whether the defendant has a meritorious defense, the Sixth Circuit Court of Appeals has explained, "A defense is 'meritorious' if it is 'good at law.'" *Dassault Systemes, SA*, 663 F.3d at 843 (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010)). "The party moving to set aside default judgment does not need to demonstrate that the defense is likely to succeed on the merits. Rather, the inquiry is whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Hernandez*, 2019 WL 5086128, at *3 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326). "[T]he presence of meritorious defenses weighs heavily in favor of setting aside the default." *Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 535 (6th Cir. 2009)

Here, Defendant Card Holdings sets forth its defense as follows:

> [Defendant] Card Holdings has a meritorious claim as to the damages alleged in the 2020 Complaint and re-alleged in the Third-

> Party Complaint. The issues arising related to the claims involve sinkholes that were present at least as of 2020, as noted by the City of Harriman's 2020 Complaint. Card Holdings did not purchase the Card Holdings Property until May 28, 2021, from Krishna Murti, Inc. As such, [Defendant] Card Holdings can and will assert that it is not a proper party as to any issue associated with the Card Holdings Property resulting in any issues with the Hester Property or Gilliam Property.

[Doc. 327 pp. 10–11 (citations omitted)].

The undersigned finds Defendant Card Holdings' arguments suggest that it may have a meritorious defense. *See Dassault Systemes, SA*, 663 F.3d at 843 ("[E]ven conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." (quoting *$22,050*, 595 F.3d at 326). This factor therefore weighs in favor of the request.

Based on the above analysis, one factor weighs slightly against Defendant Card Holdings' request, while the remaining factors weigh in favor of its request. The undersigned therefore recommends that the entry of default be set aside with respect to Defendant Card Holdings because Third-Party Plaintiff Hester has not responded to the motion, most of the relevant factors weigh in favor of Defendant Card Holdings' request, and courts "general[ly] prefer[] . . . judgments on the merits[.]" *Dassault Systemes, SA*, 663 F.3d at 841.

### III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS**[6] that the District Judge

---

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

**GRANT** Defendant Card Holdings, LLC's Motion to Set Aside and for Relief from Entry of Judgment [**Doc. 326**] and that the Clerk's entry of default [**Doc. 310**] be **SET ASIDE**.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge